1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KYLE ANTHONY CIANCHETTA,                    No.  2:25-cv-00958-DAD-SCR

12                      Plaintiff,

13              v.                                 FINDINGS AND RECOMMENDATIONS

14    DANIEL P. DRISCOLL, Secretary of the
      Army,
15
                      Defendant.
16

17

18          Plaintiff is proceeding pro se in this Title VII employment-related lawsuit, which is

19    referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before

20    the Court is Defendant's motion to dismiss for improper venue (ECF No. 9).  At issue is a special

21    venue provision permitting a Title VII action to "be brought in any judicial district in the State in

22    which the unlawful employment practice is alleged to have been committed[.]"  42 U.S.C. §

23    2000e-5(f)(3).  Here the alleged employment-related retaliation occurred in the Southern District

24    of California but Plaintiff filed in this District.  Defendant argues Ninth Circuit precedent

25    concerning the special venue provision requires the action to be transferred to the Southern

26    District.  Plaintiff argues that venue is proper in this District because it is within the state in which

27    the unlawful employment practice is alleged to have been committed.  Finding that there is no

28

                                                    1

Ninth Circuit precedent on the question presented here, and agreeing with Plaintiff's suggested interpretation, the Court now recommends that the motion to dismiss or transfer venue be denied.

## I.        Procedural History and Background

Plaintiff filed this action on March 27, 2025.  ECF No. 1.  Plaintiff brings his claim pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*.  Plaintiff alleges retaliation "after sexual harassment by a supervisor and subsequent reporting of behavior."  ECF No. 1 at 5.  Plaintiff alleges that his supervisor at the U.S. Army Corp of Engineers "expressed a negative sentiment about employees identifying their sexuality in the workplace" and when Plaintiff responded "that doesn't matter maybe even I'm gay," his supervisor suggested "maybe you could do something for me then" accompanied by a physical gesture.  *Id*. at 9.  Plaintiff alleges he reported this to his supervisor's superior and also another employee.  *Id.*  The co-worker then filed an EEO complaint on Plaintiff's behalf.[1]  *Id.*  Thereafter, Plaintiff alleges that he had accepted an offer for a position in Japan with the same agency, but his supervisor gave him a "negative character reference" and the final job offer was rescinded.  *Id.*  Plaintiff alleges that his supervisor specifically referenced the EEO complaint in the negative reference when his supervisor wrote: "Impulsive, rude and gossiper, even after being fired and kept away from office he would communicate with another employee and urged him to file an EEO complaint that turned to be baseless."  *Id*. at 11.

On April 16, 2025, Plaintiff filed a First Amended Complaint ("FAC").  ECF No. 5.  The FAC concerns the same events, but includes greater factual detail.  Both the original complaint and the FAC allege that venue is proper in this District pursuant to 28 U.S.C. § 1391.  ECF No. 5 at 2.  On June 20, 2025, Defendant filed a motion to dismiss or transfer, arguing that venue is improper under Title VII's special venue provision at 42 U.S.C. § 2000e-5(f)(3).  Opposition and reply briefs were filed.  ECF Nos. 11 & 12.  The Court held oral argument on July 31, 2025.

## II.        Analysis

Venue in Title VII actions is governed by 42 U.S.C. § 2000e-5(f)(3).  That paragraph

---

[1]  Plaintiff does not explain what "EEO" means here.  The undersigned assumes it is the equal employment opportunity division at the U.S. Army Corps of Engineers.

provides, in relevant part, that a Title VII action:

> [M]ay be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

As Defendant points out, this provision creates four options for proper venue.  The action may be brought:

1. In any judicial district in the State in which the unlawful employment practice is alleged to have been committed;

2. In the judicial district in which the employment records relevant to such practice are maintained and administered; or

3. In the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district such an action may be brought;

4. Within the judicial district in which the respondent has his principal office.

ECF No. 9-1 at 3 (emphasis added).

Defendant argues that venue is improper because Plaintiff worked for the U.S. Army Corps of Engineers Los Angeles District, but was stationed in San Diego, and the alleged discrimination occurred in San Diego.  ECF No. 9-1 at 4.  Defendant argues that no employment records are maintained in this District, and that Defendant has its principal office in Washington, D.C.  *Id.*  As to the location where Plaintiff would have worked but for the alleged unlawful employment practice, Defendant argues based on the allegations in the FAC that such location is Japan.  Defendant argues the action should be dismissed or transferred to the Southern District of California.  ECF No. 9-1 at 4.[2]

////

---

[2]  At oral argument, Defendant argued that venue would be proper in either the Southern or Central Districts.

3

1    In opposition, Plaintiff concedes he incorrectly cited the general venue provision in 28

2    U.S.C. § 1391, rather than Title VII's special venue provision.  ECF No. 11 at 2.  However,

3    Plaintiff argues that venue is proper in this District because Title VII's special venue provision

4    provides an action "may be brought in any judicial district in the State in which the unlawful

5    employment practice is alleged to have been committed."  42 U.S.C. § 2000e-5(f)(3) (emphasis

6    added).

7    The parties' disagreement involves interpreting the phrase: "Such an action may be

8    brought in any judicial district in the State in which the unlawful employment practice is alleged

9    to have been committed."  Plaintiff contends that this means that in a state with multiple judicial

10   districts, the action may be brought in any of those districts.  Defendant contends that this means

11   that in a state with multiple judicial districts, the action may only be brought in a district in which

12   the challenged practice occurred.

13   Defendant argues that the Ninth Circuit has already spoken on this question in *Passantino*

14   *v. Johnson & Johnson*, 212 F.3d 493 (9th Cir. 2000).  As explained in more detail below,

15   *Passantino* did not involve the issue in this case—a dispute about intrastate venue—and thus had

16   no occasion to determine what it means to be able to file "in **any** judicial district **in the State**"

17   where the challenged practice occurred.  Absent such binding precedent, the Court will engage in

18   fresh interpretation of the statute.

19   In interpreting a statute "we begin where all such inquiries must begin: with the language

20   of the statute itself."  *See Republic of Sudan v. Harrison*, 587 U.S. 1, 8 (2019).  As noted above,

21   Defendant reads "in any judicial district in the State" to mean that the action may be brought only

22   in **the** district or districts where the alleged discrimination occurred.  That is not the best reading

23   of this provision.  First, Defendant's interpretation would render the phrase "in the State"

24   surplusage.  "It is a fundamental principle of statutory interpretation that we must give effect, if

25   possible, to every clause and word of a statute, so that no part will be inoperative or superfluous,

26   void or insignificant."  *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (2018) (cleaned up).

27   Congress did not broaden any of the other provisions of the special venue statute through

28   inclusion of similar "**any** judicial district **in the State**" language.  *See* 42 U.S.C. § 2000e-5(f)(3)

4

1  (using "**in the** judicial district" language as to the three adjacent venue-related circumstances).

2  The inclusion of that language must mean something.

3        Similarly, if Congress had intended the statute to apply in the manner Defendant suggests,

4  it could have simply written: "Such an action may be brought in the judicial district or districts in

5  which the unlawful employment practice is alleged to have been committed."  Congress did not

6  choose that language—and instead included "any" district "in the State"—despite using the

7  phrase "the judicial district" when discussing the other three venue options.  "Where Congress

8  includes particular language in one section of a statute but omits it in another, it is generally

9  presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion."

10  *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (internal quotation marks and alterations

11  omitted).  Read against the adjacent statutory language, being able to file in "any" district "in the

12  State" can only mean that a plaintiff who experiences Title VII discrimination or retaliation

13  within California can sue in any of California's district courts.

14        Other courts have reached the same conclusion.  *Ellis v. Costco Wholesale Corporation*

15  engaged in statutory analysis of this provision and noted: "Congress did not include the state-

16  wide access language for any other basis of venue outlined in the statute."  372 F.Supp.2d 530,

17  538 (N.D. Cal. 2005), *overruled in part on other grounds by Ellis v. Costco Wholesale Corp.*, 657

18  F.3d 970 (9th Cir. 2011).  The court found this distinction in drafting "would logically be

19  explained by an intent to allow plaintiffs to assert venue outside the district where they

20  experienced discrimination, perhaps on the assumption that Title VII plaintiffs were most likely

21  to face hostile courts or juries in that location."  *Id.*  The court noted that a contrary reading would

22  deprive the "in the State" language of any practical effect.  *Id.*

23        Defendant does not offer controlling authority that is directly on point.  Defendant

24  primarily relies on *Passantino*.  ECF No. 9-1 at 3.  In *Passantino*, the Ninth Circuit stated that

25  "venue is proper in both the forum where the employment decision is made and the forum in

26  which that decision is implemented or its effects are felt."  212 F.3d at 506.  However, *Passantino*

27  did not concern the issue presented in this case.  In *Passantino*, Plaintiff filed suit in the state of

28  Washington, which was where she worked and maintained a home office.  Her employer

1  contended the alleged unlawful employment decision not to promote her occurred in New Jersey,

2  and thus New Jersey was the proper venue.  The Ninth Circuit rejected the venue challenge and

3  observed that "[s]ome courts have noted that this broad provision for alternative forums was

4  necessary to support the desire of Congress to afford citizens full and easy redress of civil rights

5  grievances."  *Id*. at 504, *citing Richardson v. Alabama State Bd. of Educ*., 935 F.2d 1240, 1248

6  (11th Cir. 1991).  The Ninth Circuit did make the statement that "[i]n general, the effect of Title

7  VII's venue provisions is to allow suit in the judicial district in which the plaintiff worked or

8  would have worked."  *Id.* at 504-505.  But this is a general statement and is not determinative of

9  the issue presented here.

10      The *Passantino* court was not dealing with the issue here of a request for intrastate

11  transfer, and did not engage in any interpretation of the phrase "any judicial district in the State."

12  Additionally, *Passantino* favorably cites to *Richardson*, which firmly rejected the argument that

13  Defendant makes here.  In *Richardson,* the defendants argued for transfer from the Middle

14  District of Alabama to the Northern District of Alabama.  Looking to the "in any judicial district

15  in the State" language of the statute, the Eleventh Circuit said, "This means anywhere in the

16  relevant state."  935 F.2d at 1248; *see also Ross v. Buckeye Cellulose Corp*., 980 F.2d 648, 654

17  n.11 (11th Cir. 1993) (construing Title VII's venue provision and stating: "Since the alleged

18  discrimination took place in Georgia, appellants were free to bring suit in any of the state's three

19  federal judicial districts.").

20      At oral argument, Defendant noted that the *Passantino* court adopted the analysis of

21  *Stebbins v. State Farm Mutual Auto Insurance Company*, 413 F.2d 1100, 1102 (D.C. Cir. 1969).

22  Specifically, Defendant points to this from *Stebbins*, "[T]he intent of Congress to limit venue to

23  the judicial district concerned with the alleged discrimination seems clear."  *Id*.  While the Ninth

24  Circuit did rely on *Stebbins* in *Passantino*, because the Ninth Circuit was not addressing the

25  precise issue here and because *Stebbins* is not itself persuasive on the precise issue here, the

26  undersigned does not follow *Stebbins*.  *Stebbins* is a brief per curiam opinion.  The court's venue

27  analysis is two paragraphs and finds that the District of Columbia was not a proper venue.  But

28  the plaintiff had already conceded the District of Columbia was not a proper venue under Title

1    VII's special venue provision, and instead argued for application of 28 U.S.C. § 1391. *Id.* at

2    1102. Moreover, because the District of Columbia is not a state with multiple district courts,

3    *Stebbins* did not engage in any analysis of the intrastate venue issue or of the statutory language at

4    issue here. As if to highlight that point, when *Stebbins* quoted the statute, it omitted the "any

5    judicial district in the State" language. 413 F.2d at 1102 n.7. *Stebbins* is not persuasive authority

6    on an issue that it did not analyze or on statutory language that it omitted.

7          The parties in their arguments and briefing referred decisions such as *Curd v. W.T. Capital*

8    *Lending*, 4:05-cv-00616-CW (N.D. Cal. June 22, 2005) and *Davidson v. Korman*, 2010 WL

9    3515760 (N.D. Cal. Sept. 8, 2010). In *Curd*, the court denied defendant's motion to dismiss or

10   transfer venue to this District and stated "[b]ecause the alleged discrimination occurred in

11   California, venue in the Northern District of California is proper." *Id.* at 3. The court found

12   *Passantino* was not applicable because it did not deal with two districts in the same state. *Id.* In

13   *Davidson*, the defendant sought transfer from the Northern District of California to this District,

14   arguing that the alleged unlawful employment practices occurred in Sacramento. 2010 WL

15   3515760, *2. The plaintiff contended that venue was proper and relied on *Passantino* to argue

16   the "effects" of the decision were felt in the Northern District. *Id.* at *3. The court found that

17   plaintiff's reliance on *Passantino* was misplaced and that she had failed to establish venue was

18   proper where she lived. *Id.* The *Davidson* court did not engage in statutory analysis of the "any

19   judicial district in the State" language. At most, these cases show that lower courts have not been

20   completely consistent in their application of that special venue statute.

21         The Court acknowledges that when interpreting 42 U.S.C. § 2000e-5(f)(3), some courts,

22   including in this District, have transferred the matter intrastate, or appear to have interpreted

23   *Passantino* in the manner Defendant urges here. *See, e.g., Silveria v. Wilkie*, 2018 WL 6250856

24   (E.D. Cal. Nov. 29, 2018) (transferring to the Northern District of California); *Bennett v. Tetra*

25   *Tech EC, Inc.*, 2011 WL 1628032, *2 (E.D. Cal. Apr. 28, 2011) (citing *Passantino* and observing

26   venue may be improper because alleged harassment and retaliation occurred in the Northern

27   District of California). However, other cases in this District are to the contrary. In *Franken v.*

28   *Esper*, 2018 WL 4787021, *2 (E.D. Cal. Oct. 3, 2018), Judge Mendez stated that because the

1    alleged unlawful employment practice took place in California "under Title VII, venue is proper

2    in any of California's four federal districts."  In *Caviness v. England*, 2007 WL 1302522 (E.D.

3    Cal. May 3, 2007), Judge Drozd denied defendants' motion to transfer venue to the Northern

4    District of California.  In that case, plaintiff argued that he had filed the suit in the wrong venue

5    while proceeding pro se because the alleged discrimination had occurred in the Northern District.

6    Defendant argued that venue was proper "'in any judicial district in the State in which the

7    unlawful employment practice is alleged to have been committed,' which includes all four

8    judicial districts in California …"  *Id*. at *2.  The court denied the venue motion "because the

9    Eastern District is one of the four judicial districts in the State in which the unlawful employment

10    practice is alleged to have been committed." *Id*. at 3.

11         A plain reading of the statute supports the decisions reached in *Franken* and *Caviness*.  As

12    discussed above, the Eleventh Circuit has also reached that conclusion, as has the Seventh Circuit.

13    *See Ellenbecker v. Jimmy John's, LLC,* 2021 WL 5206211, *1 (7th Cir. 2021) (construing Title

14    VII venue provision and stating "because all the events [plaintiff] complained about occurred in

15    Wisconsin, it does not matter which district in the state he chose").  The allegations here are that

16    the alleged unlawful employment practice occurred while Plaintiff was working for the Army

17    Corps of Engineers Los Angeles District and stationed in San Diego.  ECF No. 5 at ¶ 16.  Thus,

18    the alleged acts occurred in California and the action "may be brought in any judicial district in

19    the State in which the unlawful employment practice is alleged to have been committed." 42

20    U.S.C. § 2000e-5(f)(3).  California is the state in which the unlawful employment practice is

21    alleged to have occurred, and Plaintiff may bring suit in any district in that state.  Accordingly,

22    Defendant's motion should be denied.

23    **III.  Conclusion**

24         For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Defendant's motion

25    to dismiss or transfer for improper venue (ECF No. 9) be DENIED.  The Court will set a Rule 16

26    scheduling conference via separate order.

27         These findings and recommendations will be submitted to the United States District Judge

28    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days**

8

after being served with these findings and recommendations, either party may file written
objections with the court.  The document should be captioned "Objections to Magistrate Judge's
Findings and Recommendations."  The parties are advised that failure to file objections within the
specified time may result in waiver of the right to appeal the district court's order.  *Martinez v.
Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

9